UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID STEBBINS, PLAINTIFF

VS. Case ____________________

SYDNEY REDFIELD, d.b.a. SIDALPHA DEFENDANTS

**MOTION TO APPOINT COUNSEL**

Comes now, pro se Appellant David Stebbins, who hereby submits the following Motion to Appoint Counsel in the above-styled action.

1. When considering whether or not to appoint counsel, the two most important factors are "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Id.

**Likelihood of Success on the Merits**

2. As for my likelihood of prevailing on the merits, there are two things to consider: My likelihood of prevailing on the merits in the district court if this appeal is successful, and my likelihood of being successful on this appeal.

3. For the former, the record below clearly establishes that I was making substantial progress on proving my case on the merits, at least in regards to Defamation #10[1]. In Dkt. 145-149 in the District Court below, you can see that I was well on my way to exposing that the Defendant not only was wrong about the fact that I was conviced by a jury, but his error was so egregious that it most likely was the result of the Defendant either knowingly lying, or at a minimum, the Defendant being "so blinded by [his] anti-Acerthorn hatred and prejudice that [he was] incapable of seeing what is literally right in front of [him],"[2] either one of which constitutes actual malice

1 The Court can learn what I mean by "Defamation #10" by reading the Complaint down below. But for the Court's convenience, when I say "Defamation #10," I mean this: The Defendant, in his smear video, publicly reported that I had been charged with a crime of moral turpitude many years ago, but failed to disclose that those charges were ultimately dropped by agreement once the prosecution realized it had no good evidence against me. This constitutes "defamation by implication" because his audience was lead to believe that I actually committed the crime, or at least that I was convicted of the charges.

2 Dkt. 115, Page 2, Lines 11-12

under defamation law.

4. In short, *I was doing it!* I was winning the case, and only after the Defendant realized he was going to lose, then and only then did he raise his untimely motion for judgment on the pleadings. It's clear he only filed that out of panic to avoid liability on the merits, not out of a genuine desire to avoid the expense of litigation.

5. Even regarding the other counts of defamation, it's clear that I had a very high likelihood of success on the merits, as evidenced by Dkt. 69-71 in the District Court below. Those are all "Motions for Partial Summary Judgment on the Issue of Liability" for Defamation #1-#3 and #7-#9. I filed them immediately after the Defendant filed his Answer in the case, and they were all denied without prejudice for reasons unrelated to the merits (see Dkt. 96). This proves that, even as soon as the case got underway, I was already in the driver's seat to prevail on the merits.

6. As to my likelihood of succeeding on this appeal, my likelihood is bolstered beyond what may appear at the surface thanks to a recent admission by the Defendant himself on social media.

7. When issuing her order, the District Judge acknowledged that there are, in fact, four factors that should be considered to determine res judicata: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." See Dkt. 169, Pages 3-4.

8. Despite listing all four factors, the Court only considered the first one.

9. That said, in the instant case, the Defendant made a public admission on social media where he outright admitted that I might have a case if the District Court is indeed required to consider all four:




10. You can see the original version of this screenshot by following these instructions:

(a) First, create a Discord account if you don't have one already.

(b) Second, join SidAlpha's Discord server by going to the url of discord.gg/SidAlpha in your browser.

(c) You will then be placed in a lobby for approximately 10-15 minutes.

(d) Once the waiting period is over, you can then see the original message by going to the following URL: https://discord.com/channels/243273897049456640/932946130965246054/1555637270177128562

11. Therefore, my likelihood of success on this appeal mostly boils down to whether or not the District Court is required to consider the other three factors. This means I have a good chance of prevailing on this appeal, and this time, it is proven by the Defendant's own admission.

**Ability to articulate vs complexity of issues**

12. As for my ability to articulate my claims pro se, I believe the proof is in my track record. While I have prosecuted many appeals in federal courts, I have only been successful in two of them: Case No. 24-4992 in the 9th Circuit, and Case No. 25-2007 in the 3rd Circuit. This clearly shows that I must be doing something wrong insofar as articulating my claims is concerned.

13. The issues in this case are fairly complex. In addition to the aforementioned issue of whether or not the District Court is required to consider all four factors, this case raises a multitude of other legal questions, including but not limited to...

(a) In addition to not considering the other three factors, did the Court even correctly find that the first factor was met, considering that I provided multiple cases proving that copyright infringement and defamation do not arise from the same "common nucleus of operative facts," all of which the District Court proceeded to completely ignore.

(b) Is there sufficient evidence to overcome the presumption of prejudice due to the lack of timeliness?

(c) Does the stay ordered by the Court (Dkt. 165) effectively constitute a "delay of trial" for purposes of defeating the Motion for Judgment on the Pleadings?

(d) Did the Court apply the correct standard for a motion for judgment on the pleadings

for cases involving a pro se plaintiff?

(e) Should the Court have applied California state standards for res judicata? And

(f) Did the Court incorrectly apply a tentative order as a final judgment?

14. Clearly, there are a lot of complex issues that will need to be litigated.

15. Therefore, all three factors (likelihood of success, inability to articulate claims, and complexity of issues) weigh in my favor, this is an optimal case for appointment of counsel.

16. Wherefore, premises considered, I respectfully pray that counsel be appointed to represent me in the above-styled appeal, and for any other relief to which I may be entitled.

So requested on this, the 4th day of November, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com