J. Curtis Edmondson, (SBN 236105)
jcedmondson@edmolaw.com
Law Offices of J. Curtis Edmondson
3720 SW 141st Avenue, Suite 212
Beaverton OR 97006
(503) 336-3749
Counsel for Appellee Sydney Redfield

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DAVID STEBBINS,<br><br>Plaintiff–Appellant,<br><br>v.<br><br>SYDNEY REDFIELD, d.b.a. SIDALPHA,<br><br>Defendant–Appellee. | No. 26-7373<br><br>**APPELLEE'S OPPOSITION TO APPELLANT'S MOTION TO APPOINT COUNSEL**<br><br>(Response to Dkt. 3) |

## INTRODUCTION

Appellee Sydney[1] Redfield, doing business as SidAlpha ("Redfield") opposes Appellant David Stebbins' ("Stebbins") motion to appoint counsel (Dkt. 3). Stebbin's lawsuit was meritless when it was filed. (See Exhibit 1, Decision, Docket Entry 169). Second, Stebbins can adequately represent himself, as he has done on hundreds of cases. (See Exhibit 2, PACER printout). Lastly, Stebbins has not filed

[1] "Sidney Redfield" is the proper name for appellee, it was misspelled at the district court. Sydney Redfield is used for consistency.

any declarations or financial documents to support his request supporting his claim that he lacks funds and is not sufficiently capable of working to pay for counsel.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), a federal court "may request an attorney to represent any person unable to afford counsel." There is no general constitutional right to appointed counsel in a civil action. See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Appointment under § 1915(e)(1) is reserved for "exceptional circumstances." Id.; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court evaluates both the likelihood of success on the merits and the litigant's ability to articulate claims pro se in light of the complexity of the legal issues; neither consideration is dispositive. *Palmer,* 560 F.3d at 970; *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

## ARGUMENT

### I. Stebbins Has Not Demonstrated a Likelihood of Success on Appeal.

Appellant asserts that the district court considered only one of four claim-preclusion factors. Mot. 2–3. In the Ninth Circuit, the "same transactional nucleus of facts" is often the most important criterion in determining identity of claims; the factors are tools for evaluating the same inquiry, not necessarily four independent elements that each require a separate finding. See *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005).

As the district court found (See Ex. 1, Docket 169), Stebbins could have, but chose not to, amend his earlier complaint to include a claim for defamation. Instead, he later filed a separate lawsuit. *Id.* at pg. 5.

## II. Stebbins' Filings Demonstrate an Ability to Articulate the Issues Without Appointed Counsel.

Stebbins has filed over 100 lawsuits. In the Northern District, no judge has found Stebbins to be inarticulate. In fact, he is probably overly articulate. (See *Stebbins v Google,* (CAND 23-cv-322 8/31//2023) U.S. Dist. LEXIS 169937 *27) "The Court also notes the hundreds of motions that have been filed in these cases, along with those filed in this case."; see also *Stebbins v Google ,* (CA9 24-1936 6/4//2024) 2026 U.S. App. LEXIS 16328 *4) Stebbins can argue the law and knows civil procedure. Stebbins' will suffer no prejudice by representing himself.

## III. Stebbins' request is not supported by 28 U.S.C 1985(e)(B)(i)

Stebbins has the burden of proof to show that the language under 28 U.S.C 1985(e)(B)(i) does not apply. " …the action or appeal – is frivolous or malicious…" is inapplicable at this time. Stebbins carries a heavier burden since he has already been declared a vexatious litigant.

**IV. Stebbins' is not disabled, a minor, elderly, incarcerated, and can take employment to pay for a lawyer.**

Any appointment request takes funds from the truly needy or incapable of working (e.g the imprisoned). Stebbins has the capability and capacity to get a "9-5" job which would pay for a lawyer. The State should not fund Stebbin's appeal.

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that the Court DENY Appellant's Motion to Appoint Counsel

Dated: Nov 18, 2026

Respectfully submitted,

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Counsel for Appellee Sidney[2] Redfield

[2] Mr. Redfield's first name was improperly spelled when filed.

# CERTIFICATE OF SERVICE

I certify that on November 18, 2026, I filed the foregoing document with the Clerk of the United States Court of Appeals for the Ninth Circuit using the Court's electronic filing system. Service on registered participants will be accomplished through that system.

/s/ J. Curtis Edmondson

J. Curtis Edmondson

## CERTIFICATE OF COMPLIANCE

This response contains 748 words. Counsel will confirm the applicable motion-response length limit and any certificate requirement under Federal Rules of Appellate Procedure 27(d) and 32 before filing.