UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DAVID STEBBINS, PLAINTIFF

VS. Case 4:23-cv-00321-MMC

SYDNEY REDFIELD, d.b.a. SIDALPHA DEFENDANTS

**WITHDRAWAL OF MOTION OF EXTENSION OF TIME AND REPLY IN CONTINUED SUPPORT OF MOTION TO APPOINT COUNSEL**

Comes now, pro se Appellant David Stebbins, who hereby submits the following Reply in Continued Support of Motion to Appoint Counsel.

**I have demonstrated a likelihood of success on appeal.**

1. The Appellee entirely ignores the arguments I present in the original motion, pointing out how I was already well on my way to succeeding on the merits in th district court and how even the Appellee admits that I might have a valid theory to getting this judgment overturned on appeal.

2. Appellee ignores all of that and instead just reiterates his previous arguments in the district court, which I've already explained how I have a colorable likelihood of succeson.

3. Because Appellee has brought nothing new to the table in this section of his response, the Court should treat it as never having been made in the first place.

**My track record demonstrates an inability to articulate claims.**

4. Next, the Appellee argues that I have demonstrated an ability to articulate claims. To support this, he points merely to the sheer *number* of filings I have made. He has not demonstrated that any of them were in fact articulated well. If anything, as I point out in the motion, the fact that I have only ever been successful in two appeals in my entire life proves that I must be doing something wrong. Therefore, the Appellee's counter-argument is without merit.

**I am indeed disabled and virtually unemployable.**

5. This is the only time in the Response where the Appellee actually makes any real, tangible argument. He says that (1) I am not disabled, and (2) I can easily get a 9-5 job to pay for an attorney.

6. While both of these arguments are tangible for a change, they are demonstrably false.

7. The Court can take judicial notice that I am indeed disabled, and more specifically, that I am disabled in such a way that makes it extremely difficult for me to obtain gainful employment. This is because, on my Applications for Leave to Proceed In Forma Pauperis, I acknowledge that Supplemental Security Income is my only non-nominal source of income.

8. This not only proves that I must have a disability (even if Appellee does not know what that disability is), but also that I cannot obtain gainful employment because of that. After all, the Social Security Office only gives SSI benefits to those people who demonstrate and inability to work due to their disabilities. It is very difficult, for example, to get SSI benefits if your only disability is diabetes, because even though that disability is protected under the Americans with Disabilities Act, in practice, very few employers tends to hold grudges against diabetics, hold any inaccurate stereotypes about the condition, or feel greatly inconvenienced by the accommodations they would need to provide to a diabetic employee (e.g. permitting insulin to be stored in a company refridgerator and frequent 5-minute breaks to take insulin and check blood sugar, on par with the same 5-minute breaks they typically give to smokers).

9. So because I receive Supplemental Security Income, that necessarily means that I have proven, to the satisfaction of my local Social Security Office, that my disability (whatever it may be) prevents me from obtaining gainful employment. It is not this Court's place to second-guess the decisions of executive agents who have been trained specifically to make these types of judgments and who are much more intimately familiar with the specifics of my condition, especially in the absense of any contradictory evidence.

10. In fact, I know from personal experience over the past few years that my disability does, indeed, make me unable to obtain gainful employment. I have received several job offers over the years, many of which were revoked immediately after I disclosed my disability to them. For example, we have this example: https://www.youtube.com/watch?v=RyS5FUn4GZo. I decline at this time to specify what company this was at, but beginning at 0:06, she points out that I did not bring up my disability during the interview, and for that reason, she accused me of "falsifying information" and then revoked theo job offer. Of course, this Court knows as well as anyone that

this is just as discriminatory and just as illegal as outright saying that they are revoking the job offer simply because I have a disability[1], but it nevertheless demonstrates how ready and willing employers are to not give me a job.

11. In addition, there was also my employment with Premium Retail Services. Despite me getting objectively good performance metrics, I was locked out of HR's ticket system one business day after I requested accommodations for my disability. They then made multiple efforts to give me false write-ups, ultimately culminating in them soliciting an individual to make knowingly false accusations of felony against me. You can read about that case here: https://cdr-prod-cmslegacy-images-bucket.s3.us-gov-west-1.amazonaws.com/KJD12BK4ONXR9LG8QSLFCU51851O3D.pdf?X-Amz-Expires=600&X-Amz-Security-Token=FwoDYXdzEHIaDFWd9Rec%2FtFbdhR7YiK6AbKM%2F4z69S606W7F1a36GlJr%2F76AOfmlZrPmI%2BCttv7anTkJLww6aQO008anzd4iLPS7u7lNdml3e%2Fkeu1vxwwauA3BJ4Ig%2Fw26B%2FCUaHFot9tHsFTzWGtBqBWnidHMt%2Bw4j9r14TsH6O7tzELVVgBLLFSEU4mPW2boINNufcyyTmgVzGpjU4ZfQb4HlUkwvAOvwlqHfJuwrmWeK5TF%2F1fDjjvfxHjQ9rMQxgdMOcyJc1RL0QtJa3Au4PijzyILYBjItgnTZ7OPalI1asgmp%2BD1gGFpLkudkLXT5Eeb0KQlViOcgcnqaaPFVBnwC9yQU&X-Amz-Algorithm=AWS4-HMAC-SHA256&X-Amz-Credential=ASIAW5U4GKGBA5QTZ6I3%2F20261120%2Fus-gov-west-1%2Fs3%2Faws4_request&X-Amz-Date=20261120T195011Z&X-Amz-SignedHeaders=host&X-Amz-Signature=5d9ae19d3e609f28fb3639f2a01fae4435fba84e3fe7e3a061c74804e840174f

12. Then we have my short-lived employment with Infocision Management Corporation. I requested accommodations for my disability, and they requested a doctor's note to prove that I do in fact have these disabilities. That was fair of them under the ADA, so I got the doctor's note and emailed it to their HR department on April 16, 2026, and less than 24 hours later, they suspended me indefinitely without pay pending an investigation into something (they wouldn't even tell me what). This, despite the fact that, in the short time I worked there, I was obtaining performance metrics ***<u>five times</u>*** the company's actual goal[2], and getting perfect 100% ratings

---

1 See https://www.eeoc.gov/newsroom/all-day-medical-care-clinic-llc-agrees-pay-75000-resolve-eeoc-disability-discrimination ("The company refused to accommodate the employee's vision impairments and instead terminated her for not disclosing her disability during her interview. Such alleged conduct violates the Americans with Disabilities Act").

See also https://employee-advocates.com/do-i-have-to-reveal-my-disability-status-during-a-job-interview/ ("During the hiring process specifically, a job candidate is not required to disclose that they have a disability").

See also https://choosework.ssa.gov/blog/2026-06-23-when-and-whether-to-tell-an-employer-about-your-disability.html ("You are not required to disclose your disability on a job application, in your resume, or during an interview").

See also https://www.ndrn.org/resource/ndeam-article-2/ ("Often job applicants ask if they must voluntarily disclose their disability to a potential employer. Under federal law the answer is generally no").

See also https://www.eeoc.gov/pre-employment-inquiries-and-disability ("Under the law, employers generally cannot ask disability-related questions... until after an applicant has been given a conditional job offer. This is because, in the past, this information was frequently used to exclude applicants with disabilities before their ability to perform a job was evaluated").

2 See https://i.postimg.cc/SxTQYJJ1/widfak.jpg

from customer surveys[3], so I was definitely a good, fit worker.

13. After I got their records, I found that they had concluded their investigation after only one day, yet I still remained suspended for over a month with nothing happening on their end. When I finally initiated binding arbitration against them on May 20, 2026, less than *one hour* later (let alone 24), they finally updated their case after a solid month of non-activity by terminating me. Clearly, it was the filing of arbitration which lead them to “update” the inves-tigation, which means that the update is just as illegal/retaliatory as the initial suspension was.

14. As of the time of this writing, arbitration is still ongoing in that case.

15. As you can see from these three examples alone, I do indeed have great difficulty finding stable employment. Even when I do objectively well with the company's performance metrics (such as with Premium, where I consistently made double, sometimes triple, my sales quota every single month; see the link in ¶ 11 above for more details, or with Infocision, where Footnotes #2 and #3 above prove that I blew their productivity quotas out of the water), they will still cut me loose JUST for having a disability!

16. That's not to say that I am entirely incapable of working in any way, shape, or form. But I certainly do not make enough from what little work I am able to get that I can afford an attorney. For example, I have recently started doing DoorDash to try and earn a pittance. However, I can definitely tell you that DoorDash is not profitable, and puts precisely zero dent in my complete and utter inability to afford a lawyer in this case.

17. To show you what I mean, on August 30, 2026, I performed one single delivery. At the start of the delivery, I took a photo of my odometer, and it showed that the car had 165,133 miles on its lifespan:




3 See https://i.postimg.cc/90YCmf6G/28dy9as8.jpg

18. And at the end of the delivery, my odometer read 165,143 miles:




19. This means that I drove ten miles for one delivery. The current standard mileage rate for self-employment is 76¢ per mile. See https://www.irs.gov/tax-professionals/standard-mileage-rates. This means that I am expected to deduct $7.60 in expenses for this delivery.

20. However, I was only paid $6.60 for the delivery:




21. This means that I am necessarily operating at a net loss. I'm not just earning a pittance; I am literally making zero dollars in profit.

22. I have since given up on Door Dash being a potential source of income for me. I may still do it as a hobby, but not as a source of income, and certainly not enough that I can afford a lawyer for this appeal.

23. Put simply, the Appellee's out-of-nowhere declaration that I am "not disabled" is patently false, and his equally arbitrary declaration that I can get a 9-5 job if I wanted is also false. I am almost as unemployable as the "imprisoned" who he claims to be far more deserving of appointed counsel than me, possibly even less employable, since at least they have the advantage of being legally allowed to work for far less than a freeman's minimum wage, and can also be legally *compelled* to work under the 13th Amendment.

24. Therefore, not only should the Defendant's arguments not be held against me when deciding to appoint counsel, the truth of the matter should definitively weigh in my favor.

**Conclusion**

25. Wherefore, premises considered, I respectfully pray that the Motion to Appoint Counsel be granted, and for any other relief to which I may be entitled.

So requested on this, the 24th day of November, 2026.

*/s/ David Stebbins*

David Stebbins (pro se)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
acerthorn@yahoo.com
870-204-6516